DECISION AND JUDGMENT ENTRY
This case is before the court on appeal from the Sandusky County Court of Common Pleas, which sentenced appellant Jerry R. Evans to consecutive prison terms for certain drug offenses. For the reasons that follow, we find that the decision of the Sandusky County Court of Common Pleas should be affirmed.
On or about January 13, 1999, appellant pleaded guilty to two counts of the indictment against him: Count Eight, trafficking in cocaine in violation of R.C. 2925.03(A) and (C)(4)(c), a felony of the fourth degree, and Count Nine, trafficking in cocaine in violation of R.C.2925.03(A) and (C)(4)(d), a felony of the third degree. Appellant appeared before the trial judge for sentencing on March 2, 1999, and the trial judge sentenced appellant to eighteen months incarceration on Count Eight and five years incarceration on Count Nine, to be served consecutively. Appellant appealed these sentences to this court, and on March 10, 2000, this court affirmed in part and reversed in part the decision of the trial court. Specifically, this court vacated the portion of the judgment imposing consecutive sentences but affirmed the decision in all other respects. In reaching this decision, this court found that the trial court "* * * did not make the required statutory findings before sentencing appellant to consecutive prison terms." SeeState v. Evans (Mar. 10, 2000), Sandusky App. No. S-99-009, unreported. Accordingly, the case was remanded to the trial court for resentencing in accordance with R.C. 2929.14(E)(4) and this court's decision of March 10, 2000.
On April 4, 2000, appellant appeared before the trial court for resentencing. The trial court made the following findings and order:
 "In consideration of the issue of consecutive sentences, the Court — and the Court is bound by what it did the day that it sentenced you, not by intervening facts, and the Court of Appeals believed that I should say more about what was my basis for giving you consecutive sentences.
"And my reasons are as follows:
 "Your were in a fiduciary relationship with the public, serving in loco parentis for all of Clyde High School.
 "You were given an opportunity to plead guilty to only two out of twelve offenses alleged to have occurred.
 "Each of the two offenses you plead guilty to carried mandatory sentences, and each of them was distinct in times. This wasn't like something that happened the same day. One happened, I believe, in February and one happened in March.
 "Therefore, the Court concludes that consecutive sentences accumulating to five years, nine months for such activity is not disproportionate to the crimes and provide punishment necessary for your criminal activities.
 "Secondly, the harm caused by multiple offenses of drug dealing to the youth in this County, when perpetrated by a public school teacher, is so unusual that no single term adequately reflects the seriousness of your conduct.
 "Therefore, the Court orders that the terms be served consecutively. The ones previously imposed are to be served consecutively. And all the other orders and statements in the Court's prior order are incorporated herein by reference.
 "That's the Court's order. I'm glad to hear you're doing well, Mr. Evans. I hope you continue to do well. But we are back a year ago. Thank you."
The trial court incorporated these findings and order in a judgment entry filed on April 4, 2000 and in a judgment entry nunc pro tunc filed on April 5, 2000.[1] Appellant appeals from these judgments, setting forth the following assignments of error:
 "A. IT IS PLAIN ERROR, AND A DENIAL OF DUE PROCESS, FOR A TRIAL COURT TO SENTENCE A DEFENDANT UPON UNSUBSTANTIATED PRESUMPTIONS THAT WERE NEITHER PLEAD TO OR PROVEN IN A COURT OF LAW.
 "B. THE WORST FORM OF OFFENSE PROVISIONS OF R.C. 2929.14 2929.12, AS APPLIED TO APPELLANT, ARE UNCONSTITUTIONALLY VAGUE AND OVERBROAD AND VIOLATE THE RULE OF LENITY, THEREFORE, AS THE RECORD SHOWS THAT THE DEFENDANT IS NOT A MAJOR DRUG OFFENDER NOR A REPEAT OFFENDER THE APPELLANT'S SENTENCE SHOULD BE MODIFIED TO THE SHORTEST TERM PRESCRIBED BY LAW AS MANDATED BY R.C. § 2929.14(C)."
Appellant contends in his first assignment of error that the trial court imposed consecutive sentences based upon findings that were unsubstantiated in the record. Specifically, appellant contends that the trial court, in stating its findings to support consecutive sentences, presumed that appellant sold drugs to the youth of the county.[2]
The standard of review applicable to the first assignment of error is set out in R.C. 2953.08(G)(1). That section provides, in pertinent part:
 "The court hearing an appeal of a sentence under division (A) or (B)(1) or (2) of this section may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the trial court for resentencing if the court clearly and convincingly finds any of the following:
"(a) That the record does not support the sentence;
"* * *.
"(d) That the sentence is otherwise contrary to law."
R.C. 2929.14(E)(4) governs consecutive sentences. That section provides:
 "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 "(a) the offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 or the Revised Code, or was under post-release control for a prior offense.
 "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
Additionally, R.C. 2929.19(B)(2) provides:
 "The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
"* * *.
 "(c) If it imposes consecutive sentences under section 2929.14 of the Revised Code, its reasons for imposing the consecutive sentences[.]"
Appellant challenges the trial court's findings under R.C.2929.14(E)(4)(b). According to appellant, though the trial court made the statutory finding that "* * * the harm caused by the multiple offenses was so great or unusual that no single prison term * * * adequately reflects the seriousness of the harm," the trial court made this finding based on the erroneous presumption that appellant sold drugs to the youth of the county. The trial court's exact words were, "Secondly, the harm caused by multiple offenses of drug dealing to the youth in this County, when perpetrated by a public school teacher, is so unusual that no single term adequately reflects the seriousness of your conduct." These words are capable of more than one interpretation. The trial court could have been stating that the harm caused to the youth of the county because of the drug dealing was so unusual that a single prison term was inadequate. Such an interpretation would not be based on an erroneous presumption that appellant sold drugs to the youth of the county. In any event, even accepting appellant's interpretation of the trial court's words and disregarding the erroneous presumption that appellant sold drugs to the youth of the county, the trial court's findings were still adequately supported by the record. The trial court had previously noted her concern that appellant was a high school teacher and was in loco parentis for all of Clyde High School. That fact, alone, would support the court's finding that the harm was so unusual that no single term would adequately reflect the seriousness of the conduct. Accordingly, appellant's first assignment of error is found not well-taken.
In his second assignment of error, appellant contends that his sentence should be modified to the shortest sentence since the "worst forms of the offense" provisions of R.C. 2929.14 and R.C. 2929.12 are unconstitutional. This issue is not properly before us on appeal. The only issue properly before us is the propriety of the consecutive sentences. In our previous decision, we remanded the case for the limited purpose of resentencing in accordance with R.C. 2929.14(E)(4), the statute dealing with consecutive sentences. See State v. Evans
(Mar. 10, 2000), Sandusky App. No. S-99-009, unreported. We affirmed the trial court's other sentencing decisions relating to the "worst forms of the offense" provisions in R.C. 2929.14(C) and R.C. 2929.12(B). Id.
Appellant should have made his constitutional challenges in his initial appeal. He did not, and we cannot consider these arguments now. Appellant's second assignment of error is found not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Sandusky County Court of Common Pleas is affirmed. Court costs are assessed to appellant.
Peter M. Handwork, J., Melvin L. Resnick, J., Mark L. Pietrykowski,J., CONCUR.
[1] The nunc pro tunc entry of April 5, 2000 corrected the court's statement of the sentence from "five years, nine months" to "five years and eighteen months," which was the sentence appellant received at his initial sentencing.
[2] Appellant also argues that the trial court presumed that appellant sold drugs while carrying out his duties as a school teacher. We find no such presumption in the trial court's statements.